**In Re: Assessment of Property of McShea**

*Paul T. Essig,* for appellant.
*Gerald P. Sigal,* for appellees.

HESS, *S.J.,* July 2, 1982 — The Most Reverend Joseph McShea, D.D., Bishop of the Diocese of Allentown, Pa., by virtue of the internal laws of the Catholic Church, is the owner of premises 2601 St. Albans Drive, Spring Township, Berks County, Pa., and 421 Devon Terrace, Shillington, Berks County,

Pa. Each property is utilized for convent purposes, and in connection with such purpose, has a chapel occupying part of each premises devoted to the use of the individuals living upon the premises and also the public. The County of Berks has recognized the fact that the portion of each premises utilized for religious purposes by virtue of the chapel should be exempt, but has refused to exempt from taxation the remaining portions of the premises. Counsel for the Bishop contend by virtue of the use of each premises, the entire property should be declared exempt. In view of the fact that the same law and comparable factual situation applied to each case, counsel have agreed to have the appeals consolidated for trial and decision.

In 37 August, 1981, the property involved is the Devon Terrace property located in Shillington. It is used for residential purposes for the members of the order of the Oblates of St. Francis DeSales, who live in the premises and teach at the Holy Name Catholic High School, one of the individuals being the principal of the high school. Presently, these consist of four male individuals who, in addition to their teaching duties, also fulfill duties in relation to the parish. Prior to residing in the subject premises, the individual priests lived in the rectory of St. Cyril and Methodius Church in Reading. The subject premises is separated from the Holy Name High School by approximately one mile. The high school is open to all students, but has largely students following the Catholic religion. It is supported by tuition and contributions from the constituent churches within the parish. Non-Catholics pay a somewhat higher rate of tuition. The high school has been exempted from taxation.

The priests who reside in the convent are required, by virtue of their religious obligations to the

order, to live in community. The premises are used by the residents for conference purposes involving students and parents, as well as for residential purposes.

The St. Albans Drive property is the subject of 221 December, 1980, and is situate across the street from the St. Ignatius Parochial School in Spring Township, Berks County, Pa. It also contains a chapel for the use of the nuns who live upon the premises, as well as the public. These sisters are all teaching sisters of the Third Order of St. Francis. Their religious order also requires the sisters to live in community. Presently, the principal of the school and four teaching sisters are in residence. The use of the property is in all respects similar to the one we previously discussed on Devon Terrace.

Appellants' rely largely upon the case of White v. Smith, 189 Pa. 222 (1899), which ruled that a building related to a parochial school as a convent in which building teachers who taught in the school were provided with living quarters and which was occupied exclusively by them was exempt from taxation. The case is very old, having been decided in 1899 in an opinion written by Mr. Justice Dean. It would appear that on numerous occasions the opinion has been cited through the intervening years as an authority. It is also interesting to note that the Supreme Court in the case cited reversed the Superior Court of Pennsylvania, which ruled that the convent was not exempt from taxation, in spite of a finding to the contrary by the trial court.

Our study of White in relation to the facts of the present case would indicate that in most respects, the facts are similar. In White, apparently no tuition was charged, and the sole support of the school was from contributions, whereas in our case, there

is a charge for tuition from those students able to pay, but students who cannot pay are accepted without tuition. The remaining costs of operation are derived from contributions by the various parishes. In the case that we are considering, the convent properties are not located upon the same premises of the school and church, as in White, but the use is the same, and we are not persuaded that this court should refuse to follow the doctrine enunciated in White.

Likewise, in Dougherty v. Philadelphia, 139 Pa. Superior Ct. 37, 11 A. 2d 695 (1940), the court held that a building used in connection with the care and protection of dependent, neglected and way-ward children was exempt from taxation, even though it was used chiefly as living quarters for workers where it appeared that the workers were necessary to the performance of the charitable objects and purposes of the institution, not only as an adjunct of the institution and its operation, but also as living quarters for the workers who received no compensation beyond their bare living. In the cases we are considering, the sisters and priests who occupy the buildings in question receive no compensation beyond bare living, and in all other respects, what was said in Dougherty we deem applicable to the cases before us.

It is true that in the more than 80 years since White was stated to be the law, many changes have taken place. In 1899, most teachers in Catholic Schools were members of religious orders, and it would appear that today a great number of the teachers are lay teachers who would not come within the provisions of White. It is clear, however, that the individuals who live in the two properties in question do come within that area, and in our opinion, the doctrine of White is still applicable to

them. Also, in the intervening years, it has been argued that more and more property is declared exempt for charitable, religious, and other permissible reasons, and the remaining taxable property is unfairly burdened. This argument may be a fact of life, but if it is to be answered, the problem rests with the state legislature which makes the laws, and not the court, which merely interprets them. We are satisfied that rather than being partially exempt from taxation, both properties would be totally exempt from taxation.

## ORDER

And now, July 2, 1982, for the reasons indicated, the properties situate at 421 Devon Terrace, Shillington, Berks County, Pa., and the property situate at 2601 St. Albans Drive, Spring Township, Berks County, Pa., are ruled to be exempt from taxation, and in each case, the appeal is sustained.